**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

BARNET LOUIS LIBERMAN,

                Debtor.

Chapter 11

Case No. 21–70611 (REG)

## DECLARATION OF BARNET LOUIS LIBERMAN PURSUANT TO RULE 1007−4 OF THE LOCAL BANKRUPTCY RULES FOR THE EASTERN DISTRICT OF NEW YORK

Barnet Louis Liberman declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1. I am the debtor and debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case.

2. I submit this declaration (the "**Declaration**") pursuant to Rule 1007-4 of the Local Bankruptcy Rules for the Eastern District of New York (the "**Local Rules**"), to assist the Court and other parties-in-interest in understanding the circumstances giving rise to the commencement of this chapter 11 case.

3. Except as set forth below, all facts set forth in this Declaration are based upon my personal knowledge. If called upon to testify, I would testify competently to the facts set forth below.

### BACKGROUND

4. For the last fifty years, I have worked as a real estate developer in the Manhattan residential rental and condominium sector.

5. My primary assets consist of ownership interests in various entities which own and/or operate condominium developments in New York City.

6. Among my projects are the condominiums located at 305 Second Avenue (also known as "**Rutherford Place**") and 421 Hudson Street (also known as "**Printing House**"). For many years, I partnered with Winthrop D. Chamberlin ("**Chamberlin**").

**A.     Rutherford Place**

7. Located in the heart of Manhattan's Gramercy Park lies Rutherford Place, built by J.P. Morgan and designed by Robert Henderson Robertson in 1902, this beautiful 10-story building, now known for its 127 unique luxury apartments and classic Beaux Arts facade, operated as a maternity ward—once the New York Society of the Lying-In Hospital—for over eighty years.

8. In 1984, I partnered with Chamberlin and converted Rutherford Place into a luxury apartment complex. Its conversion was praised for maintaining many of the building's historically significant detailing and ornamentation.

9. Currently listed on the National Register of Historic Places, Rutherford Place was realigned and converted to condominiums in 2006 to form 127 unique, multi-level homes featuring fully renovated, elite finishes, double-glazed mahogany windows, and ultra-high ceilings reaching seventeen feet.

10. Now one of the most expensive addresses in its area, residents of Rutherford Place enjoy the prestige of living in a land-marked building coupled with all of the conveniences of modern luxury residences.

**B.     Printing House**

11. Capped with a dramatic green cornice in Manhattan's West Village, Printing House, built in 1911 as an industrial printing building, was converted into luxury lofts in 1979 and was in the vanguard of the luxury loft era that still defines downtown Manhattan living. Printing House now offers 184 units, all with high ceilings and massive windows overlooking

James Walker Park and the 19th Century townhouses that line St. Lukes Place. Inside, the lofts have carefully considered finishes in open layouts. Two 4,200-square-foot townhomes offer private elevators, rooftop terraces, floor-to-ceiling windows, and gas-burning fireplaces. A notable feature is its Mews, a 200-foot-long gated and landscaped lane stretching from Leroy to Clarkson Street designed by Gunn Landscape Architecture.

### C. Events Precipitating the Bankruptcy Filing

12. Despite a long history of success, the value of my interests has been significantly impacted by the Coronavirus pandemic ("**COVID-19**"), which has contributed to a recession in the New York City residential real estate market, as well as construction issues relating to the renovation of unsold condominium units and governance disputes with Chamberlin.

13. Before the pandemic and the downturn in the residential real estate market, I was proactively engaging with creditors to deleverage my capital structure and extend debt maturities to build a healthier balance sheet. Unfortunately, that progress was extinguished with the onset of COVID-19. Moreover, my affiliates, many of whose loan obligations I have personally guaranteed, are unable to pay the upcoming debt service on their over-burdened capital structure.

14. Beleaguered by the severe decrease in apartment unit sales, residential and commercial rent revenue loss, and negative pressure on property values resulting from crucial but economically painful public safety measures, I faced imminent events of default under guaranteed loan agreements in the summer of 2020 without access to working capital.

15. This inadequate working capital precluded me from restructuring the debt of my affiliates that is associated with the unsold condominium units that are now at risk of imminent foreclosure. This is particularly so with respect to my interest in 305 Second Avenue

Associates, L.P., the original sponsor of Rutherford Place, and parent entity of several limited liability companies that still hold unsold condominium units.

16. Confronted with these financial constraints, on April 1, 2021 (the "**Petition Date**"), I commenced this case by filing a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**").

17. Unfortunately, however, I do not have access to working capital or other resources necessary to restructure the obligations of my affiliated entities. In light of these challenges, I have pursued strategic alternatives and succeeded in negotiating a transaction which will provide the wherewithal to achieve a restructuring, reconcile management, governance, and funding issues with Chamberlin, and hopefully, not only preserve, but maximize the value of such interests. Simultaneously herewith, I am filing a motion seeking the approval of such transaction.

18. Thus, the *raison d'etre* of the chapter 11 case is to afford me the opportunity to protect and maintain various assets in order to fund a plan of reorganization under which all creditors will receive payment on account of their respective allowed claims.

## INFORMATION REQUIRED BY LOCAL RULE 1007-4

19. Local Rule 1007-4 requires me to disclose certain information. This information is outlined below and set forth in the schedules attached hereto.

20. Pursuant to Local Rule 1007-4(a)(v), a debtor is required to set forth the following information with respect to the holders of its twenty (20) largest unsecured claims, excluding claims of insiders: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), and telephone number; the name(s) of persons(s) familiar with the debtor's accounts, if any; the amount of the claim; and an

indication of whether the claim is contingent, unliquidated, disputed, or partially secured. Attached as *Schedule A* hereto is a schedule setting forth this information.

21. Pursuant to Local Rule 1007-4(a)(vi), a debtor is required to set forth with respect to each of the holders of its five (5) largest secured claims, each secured creditor's name, address, the amount of its claim, a brief description, and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed. Attached as *Schedule B* hereto is a schedule setting forth this information.

22. Pursuant to Local Rule 1007-4(a)(vii), a debtor is required to set forth a summary of its assets and liabilities. Attached as *Schedule C* hereto is a schedule setting forth this information.

23. Pursuant to Local Rule 1007-4(a)(viii), a debtor is required to disclose whether any of the debtor's securities are publicly held. Local Rule 1007-4(a)(viii) is not applicable to my chapter 11 case.

24. Pursuant to Local Rule 1007-4(a)(ix), a debtor is required to set forth a list of all property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, secured creditor, or agent for any such entity, giving the name, address, and telephone number of such entity, and the location of the court in which any proceeding relating thereto is pending. None of my property is so held.

25. Pursuant to Local Rule 1007-4(a)(x), a debtor is required to set forth a list of the premises owned, leased, or held under other arrangement from which it operates its business. I do not lease or own premises from which I operate my business.

26. Pursuant to Local Rule 1007-4(a)(xi), a debtor is required to disclose the location of its significant assets, the location of its books and records, and the nature, location, and

value of any assets held by the debtor outside the territorial limits of the United States. All of my assets are located within the State of New York. All of my books and records are located in New York and I do not own any assets outside the territorial limits of the United States.

27. Pursuant to Local Rule 1007-4(a)(xii), a debtor is required to set forth a list of the nature and present status of each action or proceeding, pending or threatened, against it or its property where a judgment against it or a seizure of its property may be imminent. In none of the actions pending or threatened against me is a judgment or seizure of property imminent.

28. Pursuant to Local Rule 1007-4(a)(xiii), a debtor is required to disclose the names of the individuals who comprise its respective existing senior management, their tenure, and a brief summary of their relevant responsibilities and experience. Local Rule 1007-4(a)(xiii) is not applicable to my chapter 11 case.

29. Pursuant to Local Rule 1007-4(a)(xiv), a debtor is required to disclose the estimated amount of weekly payroll to employees (not including officers, directors, and stockholders) for the 30-day period following the filing of its chapter 11 petition. Local Rule 1007-4(a)(xiv) is not applicable to my chapter 11 case.

30. Pursuant to Local Rule 1007-4(a)(xv)(B) and (C) a debtor is required to disclose the amount paid and proposed to be paid to the debtor for services for the thirty-day period after the filing of the chapter 11 petition, and any amounts paid or proposed to be paid to any financial or business consultant that it has retained. Within 30 days of the commencement of this case, I do not expect to receive or make any such payments.

31. Pursuant to Local Rule 1007-4(a)(xvi), a debtor also is required to disclose for the 30-day period following the filing of its chapter 11 petition, a list of its estimated cash receipts and disbursements, net cash gain or loss, and obligations and receivables expected to accrue that

remain unpaid, other than professional fees. I estimate cash receipts for the 30-day period following the Petition Date will be $3,958.00.

Dated: East Hampton, New York
       April 1, 2021

                                                              /s/ Barnet Louis Liberman
                                                              Barnet Louis Liberman

## Schedule A

## Twenty (20) Largest Unsecured Claims

| # | Name, Address and Telephone Number of Creditor | Nature of the claim (e.g., trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|
| 1 | 305 Second Avenue Mezz Lender LLC<br>230 Park Avenue, Suite 908<br>New York, NY 10169 | Guaranty | n/a | $8,575,000.00 |
| 2 | Alan Gordon<br>420 West End Avenue, 9th Fl.<br>New York, NY 10024 | Legal fees | n/a | $6,000,000.00 |
| 3 | Alan Gordon<br>420 West End Avenue, 9th Fl.<br>New York, NY 10024 | Promissory note | n/a | $620,933.33 |
| 4 | AREIT WH I LLC<br>c/o Argentic Real Estate<br>31 West 27th Street, 12th Fl.<br>New York, NY 10001 | Guaranty | n/a | $19,159,279.61 |
| 5 | Axos Bank<br>(BOFI Federal Bank)<br>435 Ola Jolia Village Dr.<br>San Diego, CA 92122 | Guaranty | n/a | $5,908,263.80 |
| 6 | Bethpage Credit Union<br>899 South Oyster Bay Rd.<br>Bethpage, NY 11714 | Guaranty | n/a | $9,000,000.00 |
| 7 | BFN Ventures LLC<br>421 Hudson Street, Unit 808<br>New York, NY 10014 | Guaranty | n/a | $1,000,000.00 |
| 8 | C.S. Good Friend & Co.<br>11 Riverdale Ave<br>Port Chester, NY 10573 | Rent/Guaranty | Disputed | $1,708,187.51 |
| 9 | City National Bank<br>555 South Flower Street, 8th Fl.<br>Los Angeles, CA 90071 | Guaranty | n/a | $968,885.00 |

| | | | | |
|---|---|---|---|---|
| 10 | Epic W 14 LLC<br>15 Watts Street, 5th Fl.<br>New York, NY 10013 | Lease guaranty | Disputed | $3,803,310.79 |
| 11 | G4 18191, LLC<br>14 Skillman Street<br>Roslyn, NY 11576 | Guaranty | n/a | $6,132,000.00 |
| 12 | James & Bernice Bookhamer<br>1526 Ocean Avenue<br>Sea Bright, NJ 07760-2228 | Promissory notes | n/a | $984,945.30 |
| 13 | Lantino et al.<br>845 Third Avenue<br>New York, NY 10022 | Settlement | n/a | $923,000.00 |
| 14 | M&T Bank<br>1 M&T Plaza<br>Buffalo, NY 14203 | Guaranty | n/a | $1,800,000.00 |
| 15 | Meadows Bank<br>8912 Spanish Ridge Avenue, Ste 100<br>Las Vegas, NV 89148 | Guaranty | n/a | 1,868,017.16 |
| 16 | New York Business Development Corp<br>50 Beaver Street<br>Albany, NY 12207 | Guaranty | n/a | $2,186,193.00 |
| 17 | Nordlaks<br>Industriveien 1<br>8450 Stokmarknes<br>NORWAY | Judgment | n/a | $1,268,509.52 |
| 18 | Revenue Plus LLC<br>400 South Ocean Blvd.<br>Palm Beach, FL 33480 | Legal bills | n/a | $4,835,111.37 |
| 19 | Russell Nype<br>400 South Ocean Blvd.<br>Palm Beach, FL 33480 | Judgment | n/a | $19,641,515.90 |
| 20 | Yacov Toldano<br>40 Stevenson Dr.<br>Great Neck, NY 11023 | Promissory notes | n/a | $1,082,567.34 |

## Schedule B

## Five (5) Largest Secured Claims

| # | Creditor Name, Mailing Address and Phone Number | Amount of Claim | Description of Security Interest | Estimated Value of Collateral | Whether Claim is Disputed |
|---|---|---|---|---|---|
| 1 | Russell Nype<br>400 South Ocean Blvd.<br>Palm Beach, FL 33480 | $19,641,515.90 | Judgment Lien | $800,000.00 | No |
| 2 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101 | $4,682,575.69 | Tax Lien | $800,000.00 | No |
| 3 | Wells Fargo<br>c/o PHH Mortgage<br>PO Box 5452<br>Mount Laurel, NJ 08054 | $460,000.00 | Mortgage | $800,000.00 | No |
| 4 | Martin Pavane<br>70 E 77th Street<br>New York, NY 10075 | $382,360.00 | UCC Coop | $800,000.00 | No |
| 5 | New York State Dept.<br>of Taxation & Finance<br>P.O. Box 5300<br>Albany, NY 12205 | $336,408.25 | Tax Lien | $800,000.00 | No |

## Schedule C

| Summary of Assets and Liabilities<br>(as of March 25, 2021) | | |
|---|---|---:|
| **Assets:** | | |
| Real estate | $ | 400,000.00 |
| Vehicles | $ | 5,000.00 |
| Personal and household items | $ | 4,025.00 |
| Financial assets | $ | 5,447,827.00 |
| Business Related Property | $ | 1,500.00 |
| **Total Assets** | **$** | **5,858,352.00** |
| **Liabilities:** | | |
| Secured claims | $ | 25,650,239.14 |
| Unsecured nonpriority claims | $ | 97,570,277.81 |
| **Total Liabilities** | **$** | **123,220,516.95** |