**From:** USBankruptcyCourts@noticingcenter.com
**Date:** April 3, 2021 at 9:49:39 AM EDT
**To:** Sanford Rosen <srosen@rosenpc.com>
**Subject: U.S. Bankruptcy Court, Eastern District of New York - Undeliverable Notice, In re: Barnet Louis Liberman, Case Number: 21-70611, reg, Ref: [p-162735744]**

Notice of Undeliverable Mail to Debtor/Debtor's Attorney

April 4, 2021

From: United States Bankruptcy Court, Eastern District of New York

Re: U.S. Courts, Bankruptcy Noticing Center - Undeliverable Notice
    In re: Barnet Louis Liberman, Case Number 21-70611, reg

TO THE DEBTOR/DEBTOR'S ATTORNEY:

The attachment could not be mailed to the notice recipient(s) listed below because the United States Postal Service (USPS) has determined that those addresses in the case mailing list are undeliverable.

Please be advised that dischargeability of a debt may be affected if a creditor fails to receive certain notices. You should determine whether an address should be updated.

NOTE: **No further notices will be mailed to the notice recipient(s) listed below, if the USPS continues to designate the address as undeliverable, until the address is updated in accordance with local court policy, which may allow for use of this form, a separate notice of change of address, and/or an amended schedule.** THIS FORM CANNOT BE USED TO ADD A NEW CREDITOR NOT PREVIOUSLY LISTED ON YOUR SCHEDULES.

If this form is used by your court in place of filing a separate notice of change of address and/or an amended schedule: 1) determine the updated address and send the attachment to each recipient below; 2) type or print legibly each updated address below; 3) sign and date the form; and 4) file this form electronically via CM/ECF (for all registered users) or mail the form to:

**U.S. Bankruptcy Court
8
290 Federal Plaza
Central Islip, NY 11722**

Undeliverable Address:
Craig Harrington

Role type/cr id: 9955876
Reason Undeliverable: INCOMPLETE ADDRESS
THE UPDATED ADDRESS IS:

Craig Harrington
4 Ambler Farm Road
Bedford, NY 10506

Undeliverable Address:
David Mitchell
Mitchell Holdings LLC
801 Madison Avenue
New York, NY 10065

Role type/cr id: 9955881
Reason Undeliverable: FORWARDING ORDER HAS EXPIRED
THE UPDATED ADDRESS IS:

David Mitchell
Mitchell Holdings LLC
801 Madison Avenue, Floor 4
New York, NY 10065

_____
Signature of Debtor or Debtor's Attorney

4/15/2021
Date

**The Bankruptcy Noticing Center does not respond to messages regarding bypass notification.
Please contact the U.S. Bankruptcy Court where the case is pending with questions or comments.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re: BARNET LOUIS LIBERMAN,                Chapter 11

                                             Case No. 21-70611-reg

                    Debtor.
-----------------------------------------------------------x

## ORDER SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE

      __Barnet Louis Liberman__ (the "Debtor") having filed a petition for reorganization under chapter 11 of the Bankruptcy Code on __April 1, 2021__, and the Court having determined that a Case Management Conference will aid in the efficient conduct and proper administration of the case, it is

      **ORDERED**, pursuant to 11 U.S.C. § 105(d), that a Case Management Conference will be conducted <u>telephonically</u> by the undersigned Bankruptcy Judge in __860__, United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722, on __May 10, 2021__, at __10:00 am__, and it is further

      **ORDERED**, that the Debtor, or an authorized representative of the Debtor, and counsel for the Debtor, shall be present at this Case Management Conference and shall be prepared to discuss, as applicable, at the Court's direction, the following matters:

1. the nature of the Debtor's business and the reason for the chapter 11 filing;
2. the Debtor's current financial condition, including post-petition operations and revenue;
3. debtor-in-possession financing;
4. the use of cash collateral;
5. any significant motions which the debtor anticipates bringing before the Court including, but not limited to, sale motions;
6. matters relating to the retention of professionals (including any brokers or appraisers);
7. the status of any litigation involving the Debtor;
8. the status of the Debtor's insurance;
9. deadlines for the filing of claims and a plan and disclosure statement;
10. the use of alternative dispute resolution, if appropriate;
11. if this is a single asset real estate case, whether the Debtor intends to file a plan within the time allotted pursuant to § 362(d)(3), or whether the Debtor intends to commence adequate protection payments;
12. if this is a small business case, whether the Debtor anticipates being able to satisfy the deadlines provided by § 1121(e);

13. if this is an individual case, all issues unique to individual chapter 11 cases;
14. the scheduling of additional Case Management Conferences; and
15. any other case administrative matters, and it is further

**ORDERED**, that the Debtor shall file with the Court, and serve upon the Office of the United States Trustee, monthly operating reports during the pendency of this case; that the operating reports shall be in the form prescribed by the Office of the United States Trustee's Operating Guidelines and Reporting Requirements for Debtors-in-Possession and Trustees for cases pending in this District; and that the operating reports shall be served and filed on or before the 20th day of the month following the reporting period, and it is further

**ORDERED**, that unexcused failure to attend any Case Management Conference or to file timely monthly operating reports in compliance with this Order may constitute cause for conversion of this case to chapter 7 or dismissal of this case pursuant to 11 U.S.C. § 1112, and it is further

**ORDERED**, that the Clerk of the Court give notice of this Order to the Debtor, its counsel, the United States Trustee and all creditors and parties in interest.



Dated: Central Islip, New York
April 2, 2021

Robert E. Grossman
**United States Bankruptcy Judge**

2

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1: | Barnet Louis Liberman | | Social Security number or ITIN: | xxx-xx-5386 |
| | First Name   Middle Name   Last Name | | EIN: __-_____ | |
| Debtor 2: (Spouse, if filing) | First Name   Middle Name   Last Name | | Social Security number or ITIN: ____ EIN: __-_____ | |
| United States Bankruptcy Court: | Eastern District of New York | | Date case filed for chapter:  11  4/1/21 | |
| Case number: | 8-21-70611-reg | | | |

# NOTICE OF ELECTRONIC FILING PROCEDURE
## INFORMATION REGARDING MEETING OF CREDITORS

The above case was filed electronically, and is accessible via the Court's Internet site at http://www.nyeb.uscourts.gov. In compliance with E.D.N.Y. LBR 9011-1(b) and the court's General Order on Electronic Filing Procedures ("General Order #559"), whenever any applicable statute, rule or order requires a document to be signed and the document is electronically filed, the document shall contain an electronic signature or a scanned copy of the original signature. An electronic signature shall consist of "s/" followed by the first and last name of the person signing. Security of a password issued to an attorney is the attorney's responsibility. An original signed copy of all filings shall be maintained in the attorney's file in accordance with General Order #559.

All parties with legal representation must file documents by one of the following methods:

1. **INTERNET (Preferred Method):** The requirements for filing, viewing and retrieving case documents over the Internet are: A personal computer running Microsoft Windows; an Internet provider using dial-up or broadband; Mozilla Firefox or Internet Explorer; Adobe Acrobat to convert word processor formatted documents to portable document format (PDF); and a document scanner. The URL address is www.nyeb.uscourts.gov. A password is needed to file documents into this system. Please contact the Court to obtain a password. In addition, a Pacer login is needed to view or print documents from this system. A Pacer login can be obtained by calling the Pacer Service Center at 1-800-676-6856 or by visiting their website at https://pacer.uscourts.gov.

2. **DISKETTE or CD-ROM/DVD, PDF FORMAT:** If you are not equipped or have not registered to file over the Internet, you must submit your documents on a diskette or CD-ROM/DVD, in PDF format. Adobe Acrobat software will provide you with the ability to create documents in PDF format; additionally, word processing programs such as Microsoft Word include a built-in conversion utility. Use a separate flash drive or CD-ROM/DVD for each filing. Submit the CD-ROM/DVD in an envelope with the case name, case number, type and title of the document, and the file name on the flash drive or CD-ROM/DVD.

**Important Note: If you are an ECF account holder, proofs of claim may be filed over the Internet. If you are not a current ECF account holder, you may file a proof of claim by going to the Court's website at http://www.nyeb.uscourts.gov/electronic-filing-proof-claim-epoc and select File a Claim (ePOC). This application does not require a login and password. You can also file a proof of claim by CD-ROM/DVD or flash drive.**

Adversary Proceedings filed relative to cases assigned to the ECF system will also be assigned to the system. Documents filed in such proceedings MUST comply with the foregoing electronic filing requirements.

In Chapter 7, 12 and 13 cases, the debtor is responsible for serving a copy of the petition on the trustee appointed in the case. Refer to the Notice of Meeting of Creditors accompanying this notice for the name and mailing address of the trustee.

In Chapter 11 cases, the debtor is responsible for serving a copy of the petition on the Internal Revenue Service and the Securities and Exchange Commission. Refer to the second page of the Notice of Meeting of Creditors accompanying this notice for their respective addresses.

Parties without legal representation may file documents in paper form, in accordance with procedures set forth in the court's Local Rules.

Dated: April 2, 2021

For the Court, Robert A. Gavin, Jr., Clerk of Court

# NOTICE TO CHAPTER 7 DEBTORS AND DEBTORS' ATTORNEYS

## What To Submit Prior To The Meeting Of Creditors

You must submit to the Chapter 7 Trustee assigned to your case the following:

1. A copy of the Chapter 7 petition (complete with all schedules and the statement of financial affairs) which bears a copy of the Debtor's signature.

Note: The petition should not reflect the Debtor's signature as /s/.

2. Copies of all payment advices (i.e., pay stubs) or other evidence of payment received within 60 days before the date of the filing of the petition by the Debtor from any employer of the Debtor. (*See* Bankruptcy Code § 521(a)(1)(iv))

Note: If such payment advices are not available or the Debtor does not have payment advices then the Debtor should provide the Trustee and file with the Bankruptcy Court a notarized affidavit of the Debtor explaining the circumstances.

3. A copy of the Federal income tax return (or a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which the Federal income tax return was filed.

Note: The tax return or transcript must be provided to the Chapter 7 Trustee no later than 7 days before the meeting of creditors. (*See* Bankruptcy Code § 521(e)(2)(A)(i)) The tax return or transcript should **NOT** be filed with the Bankruptcy Court.

The Chapter 7 Trustees request that this information be provided as soon as possible after the petition is filed. The name and address of the assigned Chapter 7 Trustee appears on the meeting notice.

These requirements do not supersede or replace any of the requirements under the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules.

## What to bring to the Meeting of Creditors

Each Chapter 7 Debtor should bring to the meeting of creditors: (a) original government issued photo identification **and** (b) an original social security card or other original government issued document that reflects the debtor's social security number.