| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>---------------------------------------------------------x | **Hearing Date and Time:**<br>**May 10, 2021 at 10 a.m.** |
| In re<br><br>      Barnet Louis Liberman,<br><br>                     Debtor.<br>---------------------------------------------------------x | Chapter 11<br>Case No. 21-70611-reg |

**TO:**    **THE HONORABLE ROBERT E. GROSSMAN;**
        **UNITED STATES BANKRUPTCY JUDGE:**

### UNITED STATES TRUSTEE'S OBJECTION
### TO MOTION SEEKING DEBTOR IN POSSESSION FINANCING

        **WILLIAM K. HARRINGTON**, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties under 28 U.S.C. section 586, by his counsel, submits the within objection ("Objection") to the motion of Barnet Louis Liberman (the "Debtor"), under Bankruptcy Code section 364 seeking entry of an order approving Debtor in Possession Financing (the "DIP Facility"). In support of his Objection, the United States Trustee represents and alleges as follows:

### PREMILIMINARY STATEMENT

        The United States Trustee objects to DIP Facility in its present form. While the amount of funding is not substantial, the terms of the borrowing are objectionable on several grounds: the definition of "Collateral" is overly broad and the lender's expenses are open-ended such that the DIP Lien could substantially increase to the detriment of the unsecured creditors. Finally, the Order approving the DIP Facility fails to provide the Committee with right to object

1

to the extent and validity of the Pre-Petition Lien.  As such, absent revision, the United States Trustee requests that the Motion to Approve the DIP Facility be denied.

## FACTS

1.    On April 1, 2021, Barnet Louis Liberman (the "Debtor") filed a voluntary chapter 11 petition under title 11 of the United States Code (the "Bankruptcy Code"), and under sections 1107 and 1108 of the Bankruptcy Code has remained in possession of his assets as a debtor in possession (See ECF Docket No. 1).

2.    The Debtor is represented by Rosen & Associates, P.C., Sandford P. Rosen, Esq., of counsel ("Counsel").

3.    On April 16, 2021, the Debtor filed two motions, both returnable on May 10, 2021. The first motion under rule 9019 of the Fed. R. Bank. P., seeks entry of an order approving a settlement with 305-421 LCC, defined in the Settlement as the "Acquirer" (ECF Docket No. 22).  The second motion under section 364 of the Bankruptcy Code seeks approval of Debtor in Possession Financing on a super priority basis from an entity related to the Acquirer (ECF Docket No. 23).

4.    On April 23, 2021, the United States Trustee appointed a three-member Official Committee of Unsecured Creditors (the "Committee").  On April 28, 2021, one of the three members resigned from the Committee.  Upon information and belief, the Committee has t retained The Kantrow Law Group, PLLC, Fred Kantrow, Esq., as counsel.

5.    The Debtor seeks entry of an order approving debtor in possession financing on a super-priority basis in furtherance of the Debtor's agreement with 305-421 LLC as "Lender" (the "Lender") to provide the Debtor with $89,098.

*The Petition*

6. According to the Petition, the Debtor resides at 10 Palomino Court, East Hampton, New York (the "Residence"). The Debtor scheduled real estate assets valued at $400,000 and personal assets valued at approximately $5.4 million. The Debtor scheduled approximately $25.6 million in secured debt, and $97 million in unsecured debt. The Debtor's schedule I reports income of less than $6,000 per month, derived from the income of the Debtor's non-filing spouse, and the Debtor's unemployment and social security payments. In contrast, the Debtor's schedule J reports monthly expenses exceeding $60,000, $47,000 of which represents payments due on a lease agreement with 421 Hudson Street (See ECF Docket No. 1).

7. The Debtor apparently owns the Residence jointly, but there is no disclosure as to identity of the other owner or owners. The Debtor's schedule D shows that numerous parties, including the Internal Revenue Service and New York State Department of Taxation and Finance, have filed liens against the Residence, as well as a number of judgment creditors, and unpaid common charges which comprise the $25.6 million in secured debt. (See ECF Docket No. 1).

8. In addition to two vehicles, the Debtor's assets consist of membership and limited partnership interests, having a total scheduled value of $437,500. The Debtor's most significant asset is a quiet enjoyment claim against the Board of Director of the Printing House Condominium which claim the Debtor valued at $5 million. The Debtor scheduled and exempted cash and cash equivalents are valued at slightly more than $10,000. (See ECF Docket No. 1).

9.   The Debtor's $97 million of scheduled unsecured debt consists of guarantee obligations, unpaid lease obligations, promissory notes, claims for services rendered, legal expenses and judgments (See ECF Docket No. 1).

10.   The Debtor's 341 First Meeting of Creditors is scheduled for May 7, 2021.

*The Debtor in Possession Facility:*

11.   On April 16, 2021 the Debtor filed a Motion Seeking to Approve the DIP Facility (the "Motion") (ECF Docket No. 23).

12.   According to the Application in Support of the Motion (the "Application"), the Lender, appears to be same entity that provided at least part of the funds that were paid to Counsel as his retainer and is defined in the DIP Facility as the "Prior Lender." Upon information and belief, the Lender is also related to the law firm of Rosenberg & Estis, P.C., which represented the Debtor in pre-petition litigation.

*The Objection:*

13.   While the amount of the DIP Facility is not significant, the Lender's expenses, including the legal fees of Rosenberg & Estis, LLC, an entity related to the "Acquirer" as that term is defined in the Settlement Motion, and the "Prior Lender" and DIP Lender, as those terms are defined in the DIP Motion, are not limited in amount and are chargeable against the Collateral.   The DIP Facility contains a rather broad definition of "Collateral," such that Collateral is defined to include the "Profit Participation Agreement."  Because the Profit Participation Agreement is the intended vehicle for financing the Debtor's plan of reorganization, it appears that the DIP Lender may acquire an additional interest in the Profit Participation Agreement, thereby diminishing the ability of the creditors to realize any distribution.

14. The DIP Facility provides that the Debtor cannot object to the priority, extent or validity of the Prior Lender's lien.    Paragraph 14 of the Order extends that prohibition to any other party in interest, including a committee.  It is submitted that the Committee should not be foreclosed from investigating or objecting to the propriety of the or the Liens of the Prior Lender.

## **CONCLUSION**

15. The United States Trustee submits that several provisions of the DIP Facility are not beneficial to the estate and could negatively impact the ability of the unsecured creditors to realize any distribution on account of their claims.  As such, the United States Trustee requests that the Motion not be granted in its present form.

**WHEREFORE**, it is respectfully requested that the Motion be denied, and that the Court grant such other and further relief as may be just and proper.


DATED:   Central Islip, New York                         WILLIAM K. HARRINGTON
           May 3, 2021                                                 UNITED STATE TRUSTEE REGION 2
                                                                     560 Federal Plaza
                                                                     Central Islip, New York 11722
                                                                     Telephone  (631) 715-7800


                                                                   By: ***/s/ Christine H. Black***
                                                                         Christine H. Black
                                                                         Assistant United States Trustee

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hearing Date and Time:<br>May 10, 2021 at 10 a.m. |

---------------------------------------------------------x

In re                                                                                           Chapter 11
                                                                                                     Case No. 21-70611-reg

       Barnet Louis Liberman,

                             Debtor.

---------------------------------------------------------x

## CERTIFICATION OF SERVICE OF THE
## UNITED STATES TRUSTEE'S OBJECTION
## TO MOTION SEEKING DEBTOR IN POSSESSION FINANCING

      I,  Joann C. Lomangino, am employed at the Office of the United States Trustee for the Eastern District of New York, hereby certify that I caused a copy of the annexed United States Trustee's Objection To Motion Seeking Debtor In Possession Financing to  be served by electronic mail  upon the persons listed below by emailing the same to their email addresses provided.

      James E. & Bernice Bookhamer
      jbookie@verizon.net

      Jacob M. Toledano
      Medival5@verizon.net

      Fred S Kantrow
      The Kantrow Law Group, PLLC
      Email: fkantrow@thekantrowlawgroup.com

      **Paris Gyparakis**
      Rosen & Associates, P.C.
      Email: pgyparakis@rosenpc.com

      **Sanford P Rosen**
      Email: srosen@rosenpc.com

      John Giampolo, Esq.,
      Counsel for the Lender/Acquirer 3-4 Lender LLC
      jgiampolo@rosenbergestis.com

Dated: Central Islip,  New York
       May 3, 2021

                                            ***/s/ Joann C. Lomangino***
                                            Joann C. Lomangino
                                            Paralegal Specialist