SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Blvd., Suite 1
Las Vegas, NV  89146-5308
Telephone:	(702) 228-7590
Facsimile:	(702) 892-0122
Lenard E. Schwartzer, Esq.
bkfilings@s-mlaw.com
(Motion for *Pro Hac Vice* admission pending)

-- and --

RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556-0926
Telephone: (516) 357-3000
Facsimile: (516) 357-3333
Stuart I. Gordon, Esq.
Matthew V. Spero, Esq.
Stuart.gordon@rivkin.com
Matthew.spero@rivkin.com

*Co-Counsel to Russell Nype and
Revenue Plus LLC, Judgment Creditors*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No. 8-21-70611-REG |
| BARNET LOUIS LIBERMAN,<br><br>Debtor. | Chapter 11<br>**OBJECTION TO DEBTOR'S MOTION FOR ORDER (I) AUTHORIZING THE DEBTOR TO OBTAIN POSTPETITION FINANCING (II) GRANTING SECURITY INTERESTS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING THE AUTOMATIC STAY; AND (IV) AUTHORIZING THE DEBTOR TO ENTER INTO AGREEMENTS WITH 305-421 LLC**<br>Date:  May 10, 2021<br>Time: 10:00 a.m. |

Russell Nype and Revenue Plus, LLC, ("collectively Nype"), judgment creditors (the "Judgment Creditors"), by and through their co-counsel, Schwartzer & McPherson Law Firm and Rivkin Radler LLP, object to Liberman's Motion For Order (I) Authorizing Liberman To Obtain Postpetition Financing; (II) Granting Security Interests And Superpriority Administrative Expense Status; (III) Modifying The Automatic Stay; And (IV) Authorizing Liberman To Enter Into Agreements With 305-421 LLC, ECF No. 23 (the "Postpetition Financing Motion"), and respectfully state as follows:

## SUMMARY OF OBJECTION

1. The proposed post-petition financing will subject non-exempt assets to additional liens mostly to pay Liberman's and his wife's personal living expenses in derogation of Liberman's obligation to place creditors' interest before his own.

2. The Postpetition Financing Motion is not supported by any evidence whatsoever. There is no admissible evidence concerning:

   (a) the relationship between Liberman and the post-petition lender 305-421 LLC;

   (b) the relationship between Liberman and his pre-petition lender 3-4 Lender LLC (which obligations to such lender are to become non-avoidable under the proposed financing);

   (c) Liberman's alleged diligence and alleged conversations and negotiations with potential third-party lenders;

   (d) the value of the assets (by experts or non-experts) to be encumbered;

   (e) how the proposed DIP Facility will provide a speedy path to emergence and maximize value for all stakeholders since there is no plan;

   (f) how the credit transaction is necessary to preserve estate assets since it will be used to pay Liberman's and his spouse's personal living expenses; and

   (g) Liberman's spouse's resources to pay their living expenses.

3. The proposed post-petition financing will not be used "to preserve estate assets" which can be used to pay creditors or reorganize debt, but will be used to pay Liberman's and his non-filing

spouse's living expenses.

## FACTUAL AND PROCEDURAL BACKGROUND

4. An extensive statement of facts is set forth in the Judgment Creditors' contemporaneously-filed Objection to Liberman's Motion for Order Approving Settlement, ECF No. 22 (the "Settlement Motion"). The facts and the arguments set forth therein are respectfully incorporated herein by reference as if fully set forth herein and the Judgment Creditors respectfully refer the Court's attention to same.

## ARGUMENT AND AUTHORITIES

### I. THE COURT SHOULD NOT GRANT THE POSTPETITION FINANCING MOTION

#### A. Liberman has a Fiduciary Duty to Creditors

5. A debtor in possession is a fiduciary for its creditors and the bankruptcy estate. *Commodity Futures Trading Commission v. Weintraub,* 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). *See also In re Woodson*, 839 F.2d 610, 614 (9th Cir. 1988)("As debtor in possession he is the trustee of his own estate and therefore stands in a fiduciary relationship to his creditors.").

> About a half a decade after the *Weintraub* decision, the Supreme Court held that an individual debtor could file a petition for relief under Chapter 11 of the Code thereby becoming a debtor in possession. *Toibb v. Radloff,* 501 U.S. 157, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991). Recognizing that corporate governance is not an issue, the individual debtor who becomes an individual debtor in possession nevertheless obtains the fiduciary responsibility of any debtor in possession. Like the corporation which becomes a debtor in possession upon the bankruptcy filing, an individual debtor in possession becomes a fiduciary to the bankruptcy estate with rights and duties different than the pre-bankruptcy individual.

*In re Williams*, 152 B.R. 123, 128 (Bankr. N.D. Tex. 1992).

> Although "[o]ne of the most difficult concepts an individual Chapter 11 debtor has to grasp is that once he files bankruptcy he has a fiduciary duty to his creditors to act in the best interest of the bankruptcy estate[,]" such duties "imply a special burden on debtors...to ensure that the resources that flow through the debtor-in-possession's hands

- 4 -

are used to benefit the unsecured creditors and other parties in interest.

*In re Zimont*, No. 2:19-BK-09079-DPC, 2020 WL 2373591, at *3 (Bankr. D. Ariz. May 11, 2020).

> The point of bankruptcy is to marshal assets in a way that maximizes their value for the benefit, primarily, of creditors, and then once creditors are paid, for owners. When a debtor remains in possession of his businesses and properties in a chapter 11 case, he does so as a fiduciary for those creditors.

*In re Futterman*, 584 B.R. 609, 618–19 (Bankr. S.D.N.Y. 2018).

6.  A debtor in possession simply cannot ignore his fiduciary obligations by putting his own interests before those of his beneficiaries, the creditors. *In re Q.P.S., Inc.,* 99 B.R. 843 (Bankr.W.D.Tenn.1989); *In re Herberman*, 122 B.R. 273, 285 (Bankr. W.D. Tex. 1990).

### B. Using Estate Assets to Pay Debtor's Living Expenses Diminishes Bankruptcy Estate

7.  The proposed postpetition financing will reduce the assets of the estate by adding another $93,000 in debt for an $86,000 loan with superpriority to be used for Liberman's and his wife's personal living expenses, including $1,000 per month for "FOOD & WINE" and $2,784 per month for "FAMILY COUNSELING" as well as $10,000 per month for additional attorneys' fees to undesignated "BANKRUPTCY COUNSEL."[1] It appears that Liberman has equity above the exemption in his homestead that he is unwilling to use for borrowing money to pay his personal living expenses. This is not beneficial to his creditors. If there was a trustee, the trustee's living expenses would not be charged to the estate.

8.  The continued diminishment of the non-exempt assets of the estate would be grounds for conversion to Chapter 7 unless a plan of reorganization is likely.  See Bankruptcy Code §1112(b)(4)(A).

### C. Notice Was Inadequate

9.  Local Bankruptcy Rule 4001-5 provides in relevant part;

---

[1] Liberman's bankruptcy counsel has already received $105,000 pre-petition.  See Statement of Financial Affairs, ECF No. 5.

> (h) Notice. Notice of a preliminary or final hearing shall be given to the United States trustee, Liberman's 20 largest unsecured creditors or the creditors' committee if one has been appointed, the persons required by Bankruptcy Rules 4001(b)(3) and 4001(c)(3), as the case may be, and any other persons whose interests may be directly affected by the outcome of the Financing Motion or any provision of the proposed order.

10. Shelley D. Krohn, the bankruptcy trustee of Las Vegas Land Partners LLC and the co-plaintiff with Nype on the $19,301,515 judgment issued by Judge Gonzales, is one of the 20 largest creditors. She has not been included in Liberman's schedules or his creditor matrix and has not been given notice by Liberman or his counsel of this bankruptcy case or the pending motions.  See Statement of Assets and Liabilities, ECF No. 3, and Verification of Creditor's Matrix, ECF No. 6.

### D.     Provisions Making Prepetition Loan Nonavoidable Are Improper

11. Local Bankruptcy Rule 4001-5(e) contains provisions restricting the immediate effect of an order in which a Debtor in possession stipulates, acknowledges or otherwise admits to the validity, enforceability, priority, or amount of a claim that arose before the commencement of the case, or of any lien securing the claim.  The Postpetition Financing Motion does not comply with that Rule.

### E.     Lack of Evidence Required For A Financing Motion

12. As the movant, Liberman has the burden of proof to establish that:

   a.     He is unable to obtain unsecured credit
   b.     The credit transaction is required to preserve assets of the estate
   c.     The terms of the transaction are reasonable

See *In re Crouse Grp., Inc.,* 71 B.R. 544, 549 (Bankr. E.D. Pa. 1987)(cited with approval in *In re Ames Dep't Stores, Inc.,* 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) and *In re Barbara K. Enterprises, Inc.,* No. 08-11474 (MG), 2008 WL 2439649, at *10 (Bankr. S.D.N.Y. June 16, 2008)).  A similar list of required elements was stated in *In re Latam Airlines Grp. S.A.,* 620 B.R. 722, 767 (Bankr. S.D.N.Y. 2020):

The factors that courts consider in assessing the merits of a debtor's motion to obtain financing under section 364(c) are:

> (i) whether the Debtor is unable to obtain unsecured credit under section 364(b) of the Bankruptcy Code, i.e., by allowing a lender only an administrative claim;
>
> (ii) whether the credit transaction is necessary to preserve the assets of the estate; and
>
> (iii) whether the terms of the transaction are fair, reasonable, and adequate, given the circumstances of the debtor-borrower and proposed lender.

The Financing Motion is **not** supported by any admissible evidence, only by statements of counsel which are not evidence. There is no "evidence" which would allow this Court to make any of the findings required to allow the proposed loan. In particular, there is no evidence that paying Liberman's personal expenses will preserve the assets of the estate or that the terms of the loan, with the waivers of past actions, a high commitment fee of 3%, a high exit fee of 3% and a high interest rate of 15% are "fair, reasonable and adequate."

## CONCLUSION

For the reasons set for the herein and in the Settlement Motion, the Postpetition Financing Motion should be denied.

WHEREFORE, Nype respectfully requests that the Court deny the Postpetition Financing Motion in its entirety and grant such other and further relief as the Court deems just and proper.

Dated:   Las Vegas, Nevada
         May 3, 2021

                            */s/ Lenard E. Schwartzer*
                            Lenard E. Schwartzer, Esq.
                            Schwartzer & McPherson Law Firm
                            2850 South Jones Blvd., Suite 1
                            Las Vegas, NV 89146
                            (Motion for *Pro Hac Vice* admission pending)

                            and

Dated:  Uniondale, New York
       May 3, 2021            */s/ Stuart I. Gordon*
                                             Stuart I. Gordon, Esq.
                                             Matthew V. Spero, Esq.
                                             RIVKIN RADLER LLP
                                             926 RXR Plaza
                                             Uniondale, New York  11556-0926
                                             Telephone: (516) 357-3000
                                             Facsimile: (516) 357-3333
                                             Stuart.gordon@rivkin.com
                                             Matthew.spero@rivkin.com