UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In Re:                                                      Chapter 7

Barnet Louis Liberman,                                      Case No. 821-70611-SPG

        Debtor.                                   Affirmation in Support

--------------------------------------------------------X

        Marc A. Pergament, duly affirms under the penalties of perjury as follows:

        1.      I am an attorney admitted to practice law in the United States Court of Appeals for the Second Circuit and the United States District Court for the Eastern and Southern Districts of New York and am a member of Weinberg, Gross & Pergament LLP, attorneys for Marc A. Pergament, Chapter 7 Trustee ("Trustee") of the Estate of Barnet Louis Liberman ("Debtor").

        2.      On or about April 1, 2021, the Debtor filed a petition under Chapter 11 of the Bankruptcy Code and was converted to a case under Chapter 7 on June 28, 2021. Marc A. Pergament was appointed and duly qualified as Trustee and is fully familiar with the facts and circumstances set forth herein.

        3.      This Affirmation is presented in support of the Trustee's motion for an Order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure: (a) approving the settlement between the Trustee, on behalf of the Estate, Stefan Malter ("Malter"), the Malter Children Irrevocable 2012 Trust ("Malter Family Trust"), NYSA Land Partners LLC ("NYSALP") and SHM Acquisitions LLC whereby the Estate shall receive the total sum of $275,000.00 for its right, title and interest in NYSALP; (b) authorizing the Trustee to execute all documents necessary to effectuate the

terms of the Stipulation of Settlement; and (c) such other and further relief as this Court deems just and proper ("Motion").

4.      The Debtor, through business entities described below, and Stefan H. Malter ("Malter"), individually and through related entities jointly-owned interests in two (2) entities which comprise a portion of the Verano Land Group, which had assembled and is developing land in San Antonio, Texas (the "Project").

5.      The entities in which the Malter Children Irrevocable 2012 Trust (the "Malter Family Trust") and the Debtor have indirect equity interests are SALP III LLC ("SALP III") and SALP VI LLC ("SALP VI") through NYSA Land Partners LLC ("NYSALP").

6.      Five (5%) percent of NYSALP is owned by the Malter Family Trust and the balance of ninety-five (95%) percent was initially owned by the Debtor and thereafter assigned to The Liberman Group.

7.      In early 2012, the Debtor pledged fifty-one (51%) percent of his interest in NYSALP (the "Collateral") to Malter as security for Malter's loan to the Debtor and Malter perfected his security interest in the Collateral by filing a UCC-1 (File No. 201201090019804).

8.      The pledge in favor of Malter was amended and restated in December 2013 to reflect additional funds borrowed by the Debtor from Malter in the interceding period for a total principal of $659,000.00 and the Debtor's additional pledge of additional security in the form of the balance of his interest in the Collateral, representing his full ninety-five (95%) percent ownership.

9.      The Debtor purported to assign his interest in SALP III and SALP VI to The Liberman Group, LLC in December 2014.

10.    In November 2016, Malter filed a UCC-3 continuation statement (File No. 201611220556392) with respect to his lien and security interest in the Collateral.

11.    The loan was assigned by Malter to The Malter Family Trust on February 1, 2018, and in 2022, Mr. Malter filed UCC-1s as both continuations of the perfected security interest in the Collateral and to indicate the assignment from him individually to the Malter Family Trust (File Nos. 202201068008119 and 202201068008222, respectively).

12.    On September 30, 2021, the Malter Family Trust filed a secured Proof of Claim (Clain No. 62-1) against the Debtor in the amount of $4,096,472.00.

13.    On October 3, 2022, the Malter Family Trust amended its Proof of Claim in the response to the Debtor's amendment to Schedule A/B in which the Debtor listed that he possessed, individually, a ninety-five (95%) percent interest in NYSA Land Partners LLC to reflect its security interest in the Debtor's membership interests in NYSA Land Partners LLC by virtue of a filed UCC-1 and any amendments thereto (Claim No. 62-2) (the "Malter Family Trust Claim").

14.    On September 30, 2121, Malter personally filed a Proof of Claim (Claim No. 61-1) in the amount of $3,521,721.98, which Proof of Claim was amended on September 30, 2021 to reflect a claim amount of $19,921,078.00 (Claim No. 61-2) (the "Malter Claim").

15.    On September 30, 2021, SHM Acquisitions LLC, a Malter affiliate, has filed a claim (Claim No. 63-1) against the Estate in the amount of $3,521,721.98 (the "SHM Claim").

16.    Certain proceeds of the Project that would ordinarily be distributed to NYSA and then to the members thereof and the Malter Family Trust as secured party are being

held by the manager of the Project pending settlement between Malter, the Malter Family Trust, SHM and the Trustee.

17.     The Malter Family Trust believes that it is entitled to all of the funds due to NYSA under the Project.

18.     The Trustee contends that he, on behalf of the Estate, may have colorable defenses to the claims of the Malter Family Trust, Malter and SHM (collectively, the "Malter Parties") and to the portion of the current income and potential future income generated by the Project.

19.     The Parties hereto have agreed, subject to Bankruptcy Court approval, to a structured settlement based upon the funds that are presently available to NYSALP and anticipated to be available in the future.

20.     The sum of $235,000.00 is available for distribution to NYSALP at this time and the Parties anticipate that additional sums in the approximate amount of $450,000.00 may become available to NYSALP in two (2) payments to be received by the end of 2026 and the end of 2027.

21.     The Parties believe that there may be future value in the Project for the benefit of NYSALP in the amount of approximately $1,300,000.00 with the timeline and actual value unknown as there are open environmental and legal issues, each of which could impact the collectability of sums in the future, as well as the potential for substantial administrative expenses and the risks attendant to real estate development and/or disposition of vacant land.

22.     The Malter Family Trust as the current owner of a five (5%) percent interest in NYSA shall be entitled to direct payments of any NYSALP distributions as they become available.

4

23.     The Trustee thereafter negotiated with the attorneys for Malter a resolution with respect to the alleged secured claim and the other claims held by the Malter Family Trust and affiliates.

24.     Upon a final approval Order, the Trustee and the Malter Parties shall have agreed on a protocol to cause, and shall cause, the distributions received or to be received on account of the Debtor's ninety-five (95%) percent equity interest of all the sums already received and received in the future by NYSALP to be distributed to the Malter Family Trust and the Trustee, in the following amounts:

      a.     of the approximate $225,000.00 initial distribution referenced above, $125,000.00 shall be paid to the Estate and the balance shall be paid to the Malter Family Trust; and

      b.     on or before November 30, 2026, provided that NYSALP has received at least $150,000.00, then $150,000.00 shall be paid to the Estate and the balance shall be paid to the Malter Family Trust.

25.     Upon receipt by the Trustee and the Malter Family Trust of the payments referenced above, the Malter Family Trust's lien will immediately be exchanged with the Estate so that the Malter Family Trust will own all of the equity interests in NYSALP, free and clear of liens.  Any and all residual current cash beyond the amounts referenced above and its own five (5%) percent share will be distributed to Malter.

26.     The Malter Family Trust will release its secured claim (Claim No. 62-2) to ensure that it will have no deficiency claim against the Estate.

27.     Malter will waive the Malter Claim (Claim No. 61-1) in its entirety.

28.    The terms of the Stipulation of Settlement are set forth in the Stipulation of Settlement annexed hereto as Exhibit "A."

29.    The Trustee believes that this settlement is in the best interest of this Estate and recommends that it be approved.

BASIS FOR APPROVAL OF THE SETTLEMENT

30.    Federal Rule of Bankruptcy Procedure 9019(a) empowers the bankruptcy court to approve compromises and settlements if such settlements and/or compromises are in the best interest of the estate. *In re Ashford Hotels, Ltd.*, 226 B.R. 797, 802 (Bankr.S.D.N.Y. 1998); *Fischer v. Pereira (In re Charles Street)*, 209 B.R. 618, 619 (S.D.N.Y. 1997). Approval of the compromise or settlement is within the sound discretion of the Court, and may not be vacated "except upon a showing of plain error or abuse of discretion." *Anaconda-Ericson, Inc. v. Hessen (In re Teletronics Services, Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985).

31.    The Court in considering the settlement or compromise should not substitute its judgment for that of the debtor or determine the legal and factual issues raised by the proceeding the parties seek to settle. *Wellis v. Shogrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994). Rather, the Court should simply review the issues presented to determine whether the settlement is within the minimal bounds of reasonableness.

> In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge, and ours upon review, is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement "fall[s] below the lowest point in the range of reasonableness," *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

*See also, Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Lion Capital Group*, 49 B.R. 163, 175 (Bankr.S.D.N.Y. 1985).

32.     Moreover, in assessing a settlement, the court should give due consideration to the informed judgment of the Trustee and his counsel and the principle that the law favors compromise. *In re Spielfogel*, 211 B.R. 133 (Bankr.E.D.N.Y. 1997); *In Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr.S.D.N.Y. 1991), the bankruptcy court observed:

> Further, the court need not conduct a wholly independent investigation in formulating its opinion as to the reasonableness of a settlement. We may give weight to the informed judgments of the trustee or debtor-in-possession and their counsel that a compromise is fair and equitable, *see also, In re Carla Leather, Inc.,* 44 B.R. 457 (Bankr.S.D.N.Y. 1984), *aff'd,* 50 B.R. 764 (S.D.N.Y. 1985), and consider the competency and experience of counsel who support the compromise. *See, In re Texaco,* 84 B.R. 893, (Bankr.S.D.N.Y. 1988); *In re International Distribution Centers, Inc.,* 103 B.R. 420 (S.D.N.Y. 1989). And indeed, a court may approve a settlement even if it believes that the trustee or debtor-in-possession ultimately would be successful at trial. *In re Teletronics Services, Inc.,* 46 B.R. 426 (E.D.N.Y. 1984), *aff'd* 762 F.2d 185 (2d Cir. 1985). Finally, we must consider the principle that "the law favors compromise." *In re Blair, supra,* 538 F.2d at 851.

33.     No prior application has been made to this or any other Court for the relief requested herein.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Plaintiff-Trustee's motion in its entirety and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
      October 1, 2025

_____
Marc A. Pergament