# EXHIBIT "A"

## STIPULATION OF SETTLEMENT

WHEREAS, Barnet Liberman (the "Debtor"), through business entities described below, and Stefan H. Malter ("Malter"), individually and through related entities jointly-owned interests in two entities which comprise a portion of the Verano Land Group which has assembled and is developing land in San Antonio, Texas (the "Project");

WHEREAS, the entities in which the Malter Children Irrevocable 2012 Trust (the "Malter Family Trust") and the Debtor have indirect equity interests are SALP III LLC ("SALP III) and SALP VI LLC ("SALP VI") through an entity named NYSA Land Partners LLC ("NYSALP");

WHEREAS, 5% of NYSALP is owned by the Malter Family Trust and the balance of 95% was initially owned by Barnet Liberman and thereafter purportedly assigned to The Liberman Group;

WHEREAS, in early 2012, the Debtor pledged 51% of his interest in NYSALP (the "Collateral") to Malter as security for Malter's loan to the Debtor and Malter perfected his security interest in the Collateral by filing a UCC-1 (File No. 201201090019804);

WHEREAS, the pledge in favor of Malter was amended and restated in December of 2013 to reflect additional funds borrowed by the Debtor from Malter in the interceding period for a total principal of $659,000 and the Debtor's additional pledge of additional security in the form of the balance of his interest in the Collateral representing his full 95% ownership thereof;

WHEREAS, the Debtor purported to assign his interest in SALP III and SALP VI to The Liberman Group, LLC in December 2014;

WHEREAS, in November 2016, Malter filed a UCC-3 continuation statement (File No. 201611220556392) with respect to his lien and security interest in the Collateral;

WHEREAS, the loan was assigned by Malter to The Malter Family Trust on February 1, 2018 and In 2022, Mr. Malter filed UCC-1's as both continuations of the perfected security interests in the Collateral and to indicate the assignment from him individually to the Malter Family Trust (File Nos. 202201068008119 and 202201068008222, respectively);

WHEREAS, on April 4, 2021, Liberman filed a Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of New York which, on June 28, 2021, was converted to a case under Chapter 7 of the Bankruptcy Code and Marc Pergament was appointed the Chapter 7 Trustee (the "Trustee");

WHEREAS, on September 30, 2021, the Malter Family Trust filed a secured proof of claim (Claim # 62-1) against the Debtor in the amount of $4,096,472.00;

WHEREAS, on October 3, 2022, the Malter Family Trust amended its proof of claim in response to the Debtor's amendment to Schedule A/B in which the Debtor listed that he possessed, individually, a 95% legal interest in NYSA Land Partners LLC to reflect its security interest in the Debtor's membership interests in NYSA Land Partners LLC by virtue of a filed UCC-1 and any amendments thereto (Claim 62-2)(the "Malter Family Trust Claim");

WHEREAS, on September 30, 2021 Malter personally filed a proof of claim (Claim #61-1) in the amount of $3,521,721.98 which proof of claim was amended on September 30, 2021 to reflect a claim amount of $19,921,078 (Claim #61-2)(the "Malter Claim");

WHEREAS, on September 30, 2021, SHM Acquisitions LLC, a Malter affiliate, has filed a claim [Claim No. 63] against the estate in the amount of $3,521721.98 (the "SHM Claim");

WHEREAS, certain proceeds of the Project that would ordinarily be distributed to NYSA and then to the members thereof and the Malter Family Trust as secured party are being held by the manager of the Project pending resolution of a settlement between Malter, the Malter Family Trust, SHM, and the Trustee;

WHEREAS, the Malter Family Trust believes that it is entitled to all of the funds due to NYSA under the Project;

WHEREAS, the Trustee contends that he, on behalf of the estate, may have colorable defenses to the claims of the Malter Family Trust, Malter and SHM (collectively referred to hereinafter as the Malter Parties) and to the portion of the current income and potential future income generated by the Project;

WHEREAS, the parties hereto have agreed, subject to Bankruptcy Court approval, to a structured settlement based upon funds that are both available to NYSALP now and anticipated to be available in the future;

WHEREAS, $235,000 is available for distribution to NYSALP now and the parties anticipate that additional sums in the approximate amount of $450,000 may become available to NYSALP by the end of 2027 in two annual payments at the end of 2026 and 2027 respectively;

WHEREAS, the parties believe that there may be future value in the Project for the benefit of NYSALP in the amount of approximately $1,300,000 based with the timeline and actual value unknown as there are open environmental and legal issues, each of which could impact the collectability of sums in the future, as well as the potential for substantial administrative expenses and the risks attendant to real estate development and/or disposition of vacant land;

WHEREAS, the Malter Family Trust as the current owner of a 5% equity interest in NYSA shall be entitled to direct payments of any NYSALP distributions as they become available;

    1.    All of above-referenced recitals are incorporated herein as if set forth at length and have the same import and meaning as if they are in the agreed section of the Stipulation.

2. Within 14 days after the Court's approval of this Stipulation provided that the Approval Order is not subject to an appeal or a stay pending appeal (a "Final Approval Order"), the Trustee and the Malter Parties shall have agreed to a protocol to cause, and shall cause, 5% of all the sums already received and to be received in the future by NYSALP to be distributed to the Malter Family Trust as 5% owner until the Malter Family Trust becomes the full owner of NYSALP:.

3. Upon a Final Approval Order, the Trustee and the Malter Parties shall have agreed on a protocol to cause, and shall cause, the distributions received or to be received on account of the Debtor's 95% equity interests of all the sums already received and received in the future by NYSALP to be distributed to the Malter Family Trust and the Trustee, in the following amounts;

    (a) Of the approximate $235,000 initial distribution referenced above, $125,000 shall be paid to the estate and the balance shall be paid to Malter Family Trust.

    (b) On or before November 30, 2026, provided that NYSALP has received at least $150,000, then $150,000 shall be paid to the Bankruptcy Estate and the balance shall be paid to Malter Family Trust.

4. Upon receipt by the Trustee and the Malter Family Trust of the payments referenced above in sections 1 and 2, the Malter Family Trust's lien will immediately be exchanged with the estate so that the Malter Family Trust will own all of the equity interests in NYSALP free and clear of liens. Any and all residual current cash beyond the amounts referenced above and its own 5% share will be distributed to Malter

5. The Malter Trust's secured claim [Claim Nos. 62-1 and 62-2] shall be deemed fully satisfied and of no further force or effect upon the exchange of the Malter Family Trust's lien for the estate's 95% equity interests NYSALP.

6. Malter will waive the secured Malter Claim [Claim Nos. 61-1 and 62-2] in its entirety.

7. The SHM Claim [Claim No. 63] shall be deemed an allowed claim against the estate and entitled to a *pro rata* distribution as an unsecured creditor;

8. Trustee and the Estate shall be deemed to have released and discharged the following from any causes of action or claims and causes of action of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which had, may ever have, or may ever be claimed in association with any issues resolved by the Stipulation except claims to enforce the Stipulation: The Malter Family Trust and its Trustee, Lisa Malter, Stefan Malter, SHM, and NYSALP.

9. The Malter Family Trust, Stefan Malter, NYSALP and SHM shall be deemed to have released and discharged the following from any causes of action or claims and causes of action of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which had, may ever have, or may ever be claimed in association with any issues resolved by the Stipulation except claims to enforce the Stipulation and the SHM Claim: The Debtor's estate, the Trustee and his retained professionals.

10. All parties hereto agree to execute any additional documents required to enable the Trustee to effectuate this Stipulation.

11. In the event the Court does not approve this Stipulation or if an Approval Order is reversed in any appeal and not re-entered on remand, then it shall be deemed null and void and of no further force and effect.

12. This Stipulation contains the entire understanding of the parties hereto and supersedes all prior understandings and agreements, whether written or oral, among the parties relating to the subject matter of this agreement.

13. This Stipulation and the rights and obligations of the parties hereunder shall be governed by and construed and interpreted in accordance with federal law and, where state law is applicable, by the laws of the State of New York. The Bankruptcy Court shall retain jurisdiction over the terms, conditions, interpretation, implementation and any and all disputes relating to this agreement. No rule of construction against the drafter shall apply to this agreement.

14. This Stipulation may not be altered, modified, or changed unless in writing and signed by all parties affected by any such modification. This Global Settlement may be signed in multiple counterparts and by facsimile transmission or the transmission of a pdf file containing one or more signatures, and the counterparts when taken together shall constitute a fully executed original.

AGREED:

CHAPTER 7 TRUSTEE

By: _____
Marc A. Pergament
Weinberg, Gross & Pergament LLP

MALTER FAMILY TRUST

By: _____
　　Lisa Malter, Trustee

By: [signature]
　　Stefan Malter, individually

**SBM ACQUISITIONS LLC**

By: [signature]
　　Stefan H. Malter, Managing Member

**NYSA LAND PARTNERS, LLC**

By: [signature]
Name: STEFAN MALTER
Title: Attorney in fact

By: _[signature: Lisa Malter]_
Lisa Malter, Trustee

By: _____
Stefan Malter, individually

**SHM ACQUISITIONS LLC**

By: _____
Stefan H. Malter, Managing Member

**NYSA LAND PARTNERS, LLC**

By: _____
Name: _____
Title: _____