UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In Re: Chapter 7

Barnet Louis Liberman, Case No. 821-70611-spg

Debtor.

-------------------------------------------------------------X

**TRUSTEE'S APPLICATION FOR AN ORDER FIXING LAST DAY FOR FILING PROOFS OF CHAPTER 11 ADMINISTRATIVE CLAIMS OR INTERESTS AND DESIGNATING FORM AND MANNER OF NOTICE**

Marc A. Pergament, Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Barnet Louis Liberman (the "Debtor"), submits this application (the "Application") seeking entry of an order (the "Proposed Order") fixing the last day for filing proofs of Chapter 11 post-petition claims or interests, designating the form and manner of notice, and granting related relief, and respectfully sets forth as follows:

## JURISDICTION

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

## BACKGROUND

2. On or about April 1, 2021 (the "Petition Date"), the Debtor filed a petition under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York (the "Court").

3. On June 28, 2021, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code [Dkt. No. 97].

4.  On June 28, 2021, Marc A. Pergament was appointed Interim Trustee, duly qualified, and is the permanent Trustee and has acted in said capacity [Dkt. No. 98].

**RELIEF REQUESTED**

5.  By this Application, the Trustee respectfully requests entry of an order under Bankruptcy Code §§ 102(1), 105(a), and Rules 2002, 9006, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), fixing the last date as **February 27, 2026 at 5:00 p.m. (EST)** (the "Chapter 11 Administrative Claims Bar Date"), by which all claims or interests that arose in the Debtor's case from April 1, 2021 through June 27, 2021 (the "Chapter 11 Administrative Period") must be filed, and approving the form and manner of notice of the Chapter 11 Administrative Claims Bar Date.

6.  The Trustee intends to give notice (the "Chapter 11 Administrative Claims Bar Date Notice"), substantially in the form annexed to the proposed order as Exhibit "A," by serving a copy of the Chapter 11 Administrative Claims Bar Date Notice no later than forty-five (45) days prior to the Chapter 11 Administrative Bar Date, by first class mail, upon: (a) the Office of the United States Trustee; (b) the Debtor's counsel and other professionals retained during the Debtor's Chapter 11 Administrative Period; (c) all persons or entities that have requested notice of the proceedings in the Debtor's case; (d) all persons or entities that have filed claims in the Debtor's case; (e) all creditors and other known holders of claims as of the Petition Date, including all persons or entities listed in the Debtor's schedules as holding claims; (f) all parties to executory contracts and unexpired leases of the Debtor; (g) all parties to litigation with the Debtor, if any; (h) the Internal Revenue Service for the district in which the Debtor's case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental agencies; (i) all known persons or entities that provided goods or services

to the Debtor during the Chapter 11 Administrative Period; and (j) such additional persons and entities as deemed appropriate by the Trustee.

7. The Trustee requests that all claims arising during the Chapter 11 Administrative Period by filing with the Clerk of this Bankruptcy Court, substantially conformed to the form annexed to the proposed order (the "Administrative Bar Date Order") as Exhibit "B," and be delivered to the Trustee's counsel, Weinberg, Gross & Pergament LLP, at the following address:

Weinberg, Gross & Pergament LLP
400 Garden City Plaza, Suite 309
Garden City, New York 11530
Attn: Marc A. Pergament, Esq.

8. The Trustee further requests that the following entities and individuals not be required, at this time, to file a claim arising during the Chapter 11 Administrative Period:

a. any holder of a Chapter 11 Administrative Claim that has been allowed by an order of this Bankruptcy Court;

b. any holder of a Chapter 11 Administrative Claim for which a separate deadline has been previously fixed by this Bankruptcy Court;

c. any holder of a Chapter 11 Administrative Claim that has been paid or otherwise satisfied in full by the Debtor;

d. any holder of a Chapter 11 Administrative Claim who has already properly filed a Chapter 11 Administrative Claim with the Clerk of the Bankruptcy Court against the Debtor; and

e. any professionals retained in the Debtor's case in accordance with Bankruptcy Code § 327 for professional fees and reimbursement of expenses.

9. The Trustee further requests that any person or entity asserting a Chapter 11 Administrative Claim that is a professional who was retained by the Debtor or the Trustee, and whose retention was authorized, or sought to be approved, by the Bankruptcy Court during the

Chapter 11 Administrative Period (the "Chapter 11 Professionals"), must file an application for payment that complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of this Bankruptcy Court, and the Fee Guidelines promulgated by the Office of the United States Trustee by no later than the Chapter 11 Administrative Claims Bar Date. Any of the Chapter 11 Professionals who fail to timely file its application may be barred from asserting a Chapter 11 Administrative Claim in the Debtor's case.

10. The Trustee also requests that any person or entity that is asserting a Chapter 11 Administrative Claim against the Debtor arising from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the Chapter 11 Administrative Claims Bar Date, must file a Chapter 11 Administrative Claim based on such rejection on or before the Chapter 11 Administrative Claims Bar Date.

**CONCLUSION**

11. The Trustee submits that the Chapter 11 Administrative Claims Bar Date Notice is proper and sufficient pursuant to Bankruptcy Code §102 and Bankruptcy Rules 2002, 9006 and 9007.

12. The Trustee also submits that setting the Chapter 11 Administrative Claims Bar Date is necessary to ascertain the amounts owed to potential holders of administrative claims of the Debtor arising during the Chapter 11 Administrative Period and will provide certainty regarding the nature and amount of claims being asserted against the Debtor's estate.

13. In light of the foregoing, the Trustee submits that granting the Application is in the best interests of the Debtor's estate and all parties in interest.

WHEREFORE, the Trustee respectfully requests that this Court grant the relief requested herein and grant such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
November 17, 2025

Weinberg, Gross & Pergament LLP
Attorneys for Trustee

By: ______________________________

Marc A. Pergament
400 Garden City Plaza, Suite 309
Garden City, New York 11530
(516) 877-2424