# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In Re:                                                    Chapter 7

Barnet Louis Liberman,                                    Case No. 821-70611-spg

        Debtor.

--------------------------------------------------------X

### ORDER FIXING LAST DAY FOR FILING PROOFS OF CHATPER 11 ADMINISTRATIVE CLAIMS OR INTERESTS AND DESIGNATING FORM AND MANNER OF NOTICE

Upon the application dated November 17, 2025, (the "Application") [ECF No. __] of Marc A. Pergament, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Barnet Louis Liberman (the "Debtor'), for entry of an order pursuant to Rules 9006 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and §§105(a) and 503(a) of Tile 11, United States Code (the "Bankruptcy Code"), fixing a deadline and establishing procedures for filing proofs of chapter 11 administrative claims against the Debtor's estate which arose from April 1, 2021 through and including June 27, 2021 (the "Chapter 11 Administrative Period"), and approving the form and manner of notice thereof, and it appearing that the relief requested is in the best interest of the Debtor's estate and its creditors, and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefore, it is hereby

**ORDERED**, that the Application is granted to the extent set forth herein; and it is further

**ORDERED**, that except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim as referenced in Bankruptcy Code §§101(5), 504 and 507, against the

Debtor which arose during the Chapter 11 Administrative Period, shall file a notice of such a claim (a "Chapter 11 Administrative Claim") in writing so that is received on or before **February 27, 2026 at 5:00 p.m. (EST)** (the "Chapter 11 Administrative Claims Bar Date"); and it is further

ORDERED, that the following procedures for the filing of Chapter 11 Administrative Claims shall apply:

a.   Proofs of a Chapter 11 Administrative Claim must conform to the form annexed to this Order as **Exhibit A** ("Chapter 11 Administrative Proof of Claim Form");

b.   Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file Proofs of a Chapter 11 Administrative Claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system in the Debtor's case. Those without accounts to the CM/ECF system must file their Chapter 11 Administrative Claims by mailing or delivering the original proof of claim by hand to the United States Bankruptcy Court, Eastern District of New York, Alfonse D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722;

c.   Proof of a Chapter 11 Administrative Claim will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before the Chapter 11 Administrative Claims Bar Date;

d.   Proofs of a Chapter 11 Administrative Claim must: (i) be signed, (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available, (iii) be in the English language, and (iv) be denominated in United States currency;

e.   If the Chapter 11 Administrative Claim is being asserted by a professional whose retention was authorized, or sought to be approved by the Bankruptcy Court in the Debtor's case, the proof of the Chapter 11 Administrative Claim must be accompanied by an application for allowance of compensation and reimbursement of expenses in a form permissible by this Bankruptcy Court and the Fee Guidelines promulgated by the Office of the Untied States Trustee; and

f.   Proofs of claim must specify by name and case number of the Debtor against which the claim is filed; and it is further

ORDERED, that the following persons or entities need not file a proof of Chapter 11 Administrative Claim on or prior to the Chapter 11 Administrative Claims Bar Date:

a.   Any holder of a Chapter 11 Administrative Claim that has been allowed by an order of this Bankruptcy Court;

2

b.      Any holder of a Chapter 11 Administrative Claim for which a separate deadline has been previously fixed by this Bankruptcy Court;

c.      Any holder of a Chapter 11 Administrative Claim that has been paid or otherwise satisfied in full by the Debtor;

d.      Any holder of a Chapter 11 Administrative Claim who has already properly filed a Chapter 11 Administrative Claim with the Clerk of the Bankruptcy Court against the Debtor; and

e.      Any professionals retained in the Debtor's case in accordance with Bankruptcy Code §327 for professional fees and reimbursement of expenses; and it is further

**ORDERED**, that any person or entity that is asserting a Chapter 11 Administrative Claim against the Debtor arising from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the Chapter 11 Administrative Claims Bar Date, must file a Chapter 11 Administrative Claim based on such rejection on or before the Chapter 11 Administrative Claims Bar Date; and it is further

**ORDERED**, that any person or entity asserting a Chapter 11 Administrative Claim that is a professional who was retained by the Debtor, whose retention was authorized, or sought to be approved by the Court during the Chapter 11 Administrative Period (the "Chapter 11 Professionals"), <u>must</u> file an application for payment that complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of this Bankruptcy Court, and the Fee Guidelines promulgated by the Office of the United States Trustee by no later than the Chapter 11 Administrative Claims Bar Date; and it is further

**ORDERED**, that any person or entity that is asserting a Chapter 11 Administrative Claim and fails to comply with this Order by timely filing a proof of a Chapter 11 Administrative Claim in appropriate form, or by the Chapter 11 Administrative Claims Bar Date, shall be barred from participating in any distribution in the Debtor's case as a Chapter 11 Administrative Claim; and it is further

3

**ORDERED**, that nothing in this Order shall prejudice or limit the right of the Trustee or any other party in interest to dispute or assert offsets or defenses to any Chapter 11 Administrative Claim asserted; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed to this Order as **Exhibit A** ("Chapter 11 Administrative Bar Date Notice") is approved and shall be deemed adequate and sufficient if served by first-class mail, to the extent their addresses are known to the Trustee, at least forty-five (45) days prior to the Chapter 11 Administrative Claims Bar Date on:

a.    the Office of the United States Trustee;

b.    the Debtor's counsel and any other professional retained during the Debtor's Chapter 11 Administrative Period;

c.    all persons or entities that have requested notice of the proceedings in the Debtor's case;

d.    all persons or entities that have filed claims in the Debtor's case;

e.    all creditors and other known holders of claims as of Petition Date, including all persons or entities listed in the Debtor's schedules as holding claims;

f.    all parties to executory contracts and unexpired leases of the Debtor;

g.    all parties to litigation with the Debtor, if any;

h.    the Internal Revenue Service for the district tin which the Debtor's case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental agencies; and

i.    such additional persons and entities as deemed appropriate by the Trustee.

**ORDERED**, that the Trustee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In Re:                                                    Chapter 7

Barnet Louis Liberman,                                    Case No. 821-70611-spg

            Debtor.

-------------------------------------------------------X

### NOTICE OF LAST DAY TO FILE REQUESTS FOR
### PAYMENT OF CLAIMS OR INTERESTS ARISING DURING THE
### CHAPTER 11 ADMINISTRATIVE PERIOD OF DEBTOR'S CASE

**TO:   ALL PERSONS AND ENTITIES SEEKING TO ASSERT A CHAPTER 11
ADMINISTRATIVE CLAIM AGAINST THE DEBTOR:**

The United States Bankruptcy Court for the Eastern District of New York has entered an
Order (the "Bar Date Order") establishing **February 27, 2026 at 5:00 p.m. (EST)** (the
"Chapter 11 Administrative Claims Bar Date") as the last date for each person or entity (including,
without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental
units) to file a notice of a chapter 11 post-petition claim (a "Chapter 11 Administrative Claim")[1]
against the bankruptcy estate of Barnet Louis Liberman.

**1.    WHO MUST FILE A CHAPTER 11 ADMINISTRATIVE PROOF OF CLAIM**

You <u>MUST</u> file a notice of a Chapter 11 Administrative Claim to share in any potential
distribution from the Debtor's estate as a holder of a Chapter 11 Administrative Claim, if your
Chapter 11 Administrative Claim is not one of the types of claim described in Section 5 below.
Claims for post-petition expenses are specifically described in 11 U.S.C. §§503 and 507 provide
that certain types of claims are entitled to post-petition expense priority, including, without
limitation:

        i.    The actual, necessary costs and expenses of preserving
the estate, including wages, salaries, or commissions for
services rendered after the commencement of the
bankruptcy case;

        ii.   Certain taxes and penalties related thereto;

---

[1] Under 11 U.S.C. §101(5) and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not
such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed,
undisputed, legal, equitable, secured, or unsecured, or (b) a right to an equitable remedy for breach of performance if
such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment,
fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

    iii.    Compensation and reimbursement of certain professional or officers;

    iv.    The actual, necessary expenses incurred by (a) certain creditors; (b) a creditor, an indenture trustee, an equity security holder, or committee representing any such entities, in making a substantial contribution to a debtor's chapter 11 case; (c) a custodian; (d) members of certain committees if incurred in the performance of the duties of such committees; or

    v.    Compensation for services rendered by an indenture trustee. Claims based on acts or omissions of the Debtor that occurred during the Chapter 11 Administrative Period must be filed on or prior to the Chapter 11 Administrative Claims Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain during the Chapter 11 Administrative Period.

## 2.    WHAT TO FILE

Your filed post-petition proof of claim must conform substantially to Official Bankruptcy Form No. 410 or substantially to the case-specific proof of claim form annexed to this Notice for your convenience.

Additional proof of claim forms may be obtained at www.nyeb.uscourts.gov/forms/all-forms.

All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The proof of claim form must be written in English and be denominated in United States currency. Your should attach to your completed proof of claim form any and all documents (the "Supporting Documents") on which the claim is based. If the Supporting Documents are voluminous, please attach a summary for the basis of the claim or an explanation as to why the documents are being provided.

If the person or entity asserting a Chapter 11 Administrative Claim is an estate professional whose retention was authorized by the Court, they must also file an application for payment that complies with Title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of this Court, and the Fee Guidelines promulgated by the Office of the United States Trustee by the Chapter 11 Administrative Claims Bar Date.

## 3.    WHEN AND WHERE TO FILE

Except as provided herein, all proofs of a Chapter 11 Administrative Claim must be filed so as to be received on or before the Chapter 11 Administrative Claims Bar Date of **February 27, 2026 at 5:00 p.m. (EST).**

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts0 should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system.

Thos without accounts to the CM/ECF system must file their proofs of claim by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Eastern District of New York at:

**United States Bankruptcy Court**
**Eastern District of New York**
**Alfonse D'Amato U.S. Courthouse**
**290 Federal Plaza**
**Central Islip, New York  11722**

Proofs of a Chapter 11 Administrative Claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Chapter 11 Administrative Claims Bar Date. Proofs of a Chapter 11 Administrative Claim sent only to the Trustee and/or his professional shall **not** be deemed filed.  Proofs of Chapter 11 Administrative Claims may not be delivered by facsimile, telecopy or e-mail transmission.

## 4.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before June 28, 2021, the date the Debtor's Chapter 11 case was converted to case under chapter 7 (the "Conversion Date"), you must file a proof of claim by the Chapter 11 Administrative Bar Date.

## 5.    WHO NEED NOT FILE A CHPATER 11 ADMINISTRATIVE PROOF OF CLAIM

You do **NOT** need to file a Chapter 11 Administrative Claim on or prior to the Chapter 11 Administrative Claims Bar Date if you are:

a)    Any holder of a Chapter 11 Administrative Claim that has been allowed by an order of the Court;

b)    Any holder of a Chapter 11 Administrative Claim for which a separate deadline has been previously fixed by the Court;

c)    Any holder of a Chapter 11 Administrative Claim that has been paid or otherwise satisfied in full by the Debtor;

d)    Any holder of a Chapter 11 Administrative Claim who has already properly filed a Chapter 11 Administrative Claim with the Clerk of the Court against the Debtor; and

e)    Any holder of a claim allowable under Bankruptcy Code §§503(b) and 507(a)(2), which was incurred <u>after</u> the Conversation Date, including any professional

3

retained in accordance with Bankruptcy Code §327 in this chapter 7 by the Trustee, for professional fees and reimbursement of expenses.

**Any person or entity asserting a Chapter 11 Administrative Claim that is an estate professional whose retention was authorized by the Court during the Chapter 11 Administrative Period (the "Chapter 11 professional"), must file an application for payment that complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of this Court, and the Fee Guidelines promulgated by the Office of the United States Trustee by no later than the Chapter 11 Administrative Claims Bar Date. Any Chapter 11 Professional who fails to timely file its application may be barred from asserting its Chapter 11 Administrative Claim.**

This notice is being sent to persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid Chapter 11 Administrative Claim against the Debtor. The fact that you have received this notice does not mean that you have a claim or that the Trustee, the Debtor, or the Court believes that you have a Chapter 11 Administrative Claim against the Debtor.

6. **CONSEQUENCES OF FAILURE TO FILE A CHPATER 11 ADMINISTRATIVE CLAIM BY THE CHAPTER 11 ADMINISTRATIVE CLAIMS BAR DATE**

ANY HOLDER OF A CHAPTER 11 ADMINISTRATIVE CLAIM THAT IS NOT EXEMPT FROM THE REQUIREMENTS OF THIS NOTICE, AS SET FORTH IN SECTION 5 ABOVE, AND THAT FAILS TO TIMELY FILE A NOTICE OF A CHAPTER 11 ADMINISTRATIVE CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM

**If you believe you are a holder of a possible claim against the Debtor, it is encouraged that you consult with an attorney regarding any matters concerning such claim and the legal effect of this notice.**

**BY ORDER OF THE BANKRUPTCY COURT DATED _____, 2026.**

Dated: Garden City, New York

Weinberg, Gross & Pergament LLP
Attorneys for Trustee
400 Garden City Plaza, Suite 309
Garden City, New York  11530
(516) 877-2424