The Kantrow Law Group, PLLC
*Attorneys for Official Committee*
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
Fred S. Kantrow, Esq.
516 703 3672

UNITED STATES BANKRUPTCY COURT  RETURN DATE:  **1/6/26**
EASTERN DISTRICT OF NEW YORK    TIME:  **10:00 a.m.**
------------------------------------------------------------------x
In re:                                                                                                 Chapter 7
                                                                                                          Case No.: 21-70611-spg
BARNET LOUIS LIBERMAN,

                                              Debtor.
------------------------------------------------------------------x

**FIRST AND FINAL APPLICATION OF THE KANTROW LAW GROUP, PLLC, AS COUNSEL TO OFFICIAL COMMITTEE OF CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO SECTIONS 327, 328 AND 330 OF THE UNITED STATES BANKRUPTCY CODE AND RULES 2002 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO:    HON. SHERYL P. GIUGLIANO
          UNITED STATES BANKRUPTCY JUDGE

The Kantrow Law Group, PLLC, ("Law Firm"), as counsel to the Official Committee of Creditors ("Committee") for the estate of Barnet Louis Liberman, the debtor ("Debtor"), submits this as and for its first and final application ("Application") seeking entry of an Order authorizing Law Firm's allowance of compensation and reimbursement of out-of-pocket expenses incurred in its representation of the Committee and respectfully represents as follows:

**SUMMARY**

1.     This application is made under Sections 327, 328 and 330 of Title 11, United States Code ("Bankruptcy Code") and Rules 2002 and 2016 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") for a first and final allowance of compensation and reimbursement of expenses for legal services rendered by Law Firm to the Trustee during the period from April 30, 2021, to November 17, 2025.

2.  Law Firm, in its representation of the Committee incurred fees in the sum of $15,790.00 and expenses in the sum of $461.43 which total $16,251.43. Law Firm seeks an award of compensation in the amount of $15,790.00 and expenses in the amount of $461.43 for a total award in the amount of $16,251.43.

3.  The fees and expenses of Law Firm are more particularly described below and as set forth in Law Firm's time records ("Time Records"), a true copy of which is annexed hereto as Exhibit "**A**". Law Firm's Time Records are provided hereto in accordance with the guidelines established by the Office of the United States Trustee.

4.  In support of the application for Retention Order, Law Firm submitted an affidavit of no adverse interest. The attorneys at Law Firm who assisted and provided services to Trustee are as follows:

- Fred Kantrow (abbreviated as "FK" in the statement) is a 2003 graduate, *magna cum laude*, of Touro Law Center. Mr. Kantrow was a member of the Touro Law Review and a Research Editor of the said Review. Mr. Kantrow previously clerked for a Bankruptcy Judge in the Eastern District of New York. He was admitted to practice to both the Courts of this State as well as this Court in 2004. Mr. Kantrow had been associated with this firm since August, 2004, and became a Shareholder in February, 2008. In February 2021, Fred Kantrow left Rosen & Kantrow, PLLC, and formed The Kantrow Law Group, PLLC, where he is currently the managing partner.

- Hailey L. Kantrow ("abbreviated as "HLK" in the statement) is a 2018 graduate of Touro Law Center. Ms. Kantrow was the Co-Editor-in-Chief of the Touro Moot Court Board. She was admitted to practice to both the Courts of this State as well as this Court in 2018. Prior to joining The Kantrow Law Group, PLLC, Ms. Kantrow was an associate with The Meyers Law Group, P.C. Ms. Kantrow became an associate with The Kantrow Law Group, PLLC in May 2021.

## **ALLOWANCE OF COMPENSATION**

5. The professional services rendered by Law Firm to the Committee required the expenditure of substantial time and effort. Law Firm engaged in an extensive review of the Debtor's financials and engaged in extensive work in connection with negotiating a potential sale of the Debtor's assets as set forth in Exhibit "**A**". During the pendency of the case while it was in chapter 11, Law Firm expended 26.70 hours in rendering legal services to the Committee, having an aggregate monetary value of $15,790.00. Law Firm's blended hourly rate in this case is $591.39 based upon the total hours worked and rate of each attorney. The professional services rendered by Law Firm on behalf of the Committee were necessary and appropriate and were of material benefit to Trustee and Debtor's estate.

6. Section 330(a)(1) of the Bankruptcy Code provides that a bankruptcy court may award: "(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement of actual, necessary expenses." *11 U.S.C. § 330(a)(1)*.

7. Section 330(a)(3) of the Bankruptcy Code directs this Court to consider the nature, extent and value of the services by taking into account relevant factors, which include: (i) the time spent on such services; (ii) the rates charged for such services; (iii) whether the services were necessary in the administration of, or beneficial at the time at which services were rendered toward the completion or, a case under the Code; (iv) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; (v) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (vi) whether the compensation is reasonable based upon the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. *11 U.S.C. § 330(a)(3)*.

8. Under the Second Circuit standard, an award of fees to professionals is a prospective one, not based on hindsight, but rather based upon what services a reasonable lawyer would render under the circumstances. *See, e.g., In re Ames Dept. Stores, Inc.*, 76 F.3d 66, 77 (2d Cir. 1996). Respectfully, the benefits achieved here only serve to highlight that an award is appropriate, in that the Trustee, through Law Firm's acts, was able to recover property of the estate and assets as described below.

9. Bankruptcy Code Section 330 was enacted to increase the attorney fees awarded to attorneys in bankruptcy cases so that quality bankruptcy counsel would be attracted to practice in the bankruptcy field. The legislative statement to Section 330 states as follows:

> Section 330(a) contains the standard of compensation adopted in H.R. 8200 as passed by the House rather than the contrary standard contained in the Senate amendment. Attorneys' fees in bankruptcy cases can be quite large and should be closely examined by the Court. However, bankruptcy legal services are entitled to command the same competency of counsel as other cases. In that light, the policy of this Section is to compensate attorneys and other professionals serving in a case under Title 11 at the same rate as the attorney or other professional would be compensated for performing comparable services other than in a case under a Title 11. Contrary language in the Senate report accompanying S. 2266 is rejected and Massachusetts Mutual Life Insurance Company v. Brock (citations omitted) is overruled. Notions of economy of the estate and fixing fees are outdated and have no place in the Bankruptcy Code.

10. The bankruptcy rates charged by this firm are the same rates charged by this firm for non-bankruptcy matters. The fees charged in this case, to wit: $600.00-645.00 per hour for partners' time, and $300.00-355.00 per hour for associates' time, are well within the range of fees charged both in and out of the bankruptcy court in the New York metropolitan area. This Court is undoubtedly aware of the respective hourly rates charged by bankruptcy firms in the New York metropolitan area, and it is requested that this Court take judicial notice of the fact that this firm's rates are below the rates charged by many area firms.

11. In compliance with the Office of the United States Trustee guidelines, the certification of Fred S. Kantrow, Esq., is being submitted contemporaneously herewith, attesting that the time records (annexed hereto as Exhibit "**A**") set forth in detail and in appropriate time increments the services that Law Firm performed on behalf of the Committee. The dates upon which such services were rendered, the nature of such services, time spent and the identity of the professional or paraprofessional who rendered such services, are all indicated.

12. Law Firm respectfully submits that application of the foregoing criteria more than justifies allowing and awarding payment of the compensation requested in this Application since the number of hours expended and the hourly rates of Law Firm are more than reasonable.

## BACKGROUND

13. On April 1, 2021, (the "Filing Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. By Order dated June 28, 2021, the Court converted the case from one under chapter 11 of the Bankruptcy Code to one under chapter 7. Marc A. Pergament was appointed interim trustee and thereafter duly qualified as the permanent case trustee3. A brief summary of the work performed by Law Firm is as follows.

## RETENTION APPLICATIONS

14. On or about April 30, 2021, Law Firm prepared and filed an application seeking the entry of an Order authorizing the committee to retain Law Firm as counsel. By Order dated May 6, 2021, the Court authorized the Committee to retain the Law Firm.

## ADVERSARY PROCEEDING

15. On or about June 14, 2021, Law Firm prepared and filed a complaint against 305 Las Vegas LLC, 305 Second Avenue Associates LLP and Winthrop Chamberlin seeking an injunction. (Adv.

Pro. No. 21-8106). Upon the conversion to chapter 7 the chapter 7 trustee determined to dismiss the adversary proceeding.

## CONVERSION

16. On or about June 23, 2021, Law Firm prepared a joinder as to the motion to convert the case to chapter 7. By Order dated June 28, 2021, the Court converted the case to one under chapter 7 of the Bankruptcy Code.

## FEE APPLICATION

17. On or about November 17, 2025, Law Firm prepared its application seeking an award of compensation in this case.

## MISCELLANEOUS

18. During the administration of the chapter 11 case, Law Firm held regular meetings with the member of the creditors committee to keep them apprised of the developments and issues in the case.

19. Law Firm also performed research on various issues that arose during this bankruptcy.

## REIMBURSEMENT OF DISBURSEMENTS

20. Law Firm seeks reimbursement and payment in the amount of $461.43 for disbursements ("Disbursements") incurred by Law Firm on behalf of committee during the administration of Debtor's case. The requested payment represents one hundred percent (100%) of the Disbursements incurred during the first and final fee period.

21. At various times throughout the administration of this case, it became necessary for Law Firm to expend certain funds to allow for the efficient and proper administration hereof. An itemization of the Disbursements for the fee period is set forth in Exhibit "**A**". Law Firm respectfully submits that its Disbursements were fair, reasonable, and necessary to the

administration of this estate. Law Firm further submits that its reimbursement of these Disbursements comports with the Bankruptcy Code, Bankruptcy Rules, the Local Rules and U.S. Trustee Guidelines.

22. Law Firm includes the following items in the calculation of its overhead and operating expenses which are included in the Firm's hourly rates, and thus are not included as disbursements:

    a.    secretarial time;

    b.    receipt and transmission of facsimiles;

    c.    telephone calls (excluding frequent long distance telephone calls);

    d.    postage for correspondence and litigation documents, other than those which require significant or exceptional mailings; and

    e.    photocopies for correspondence and litigation documents, other than those which require significant or exceptional photocopying.

23. Those items which are not included in the overhead of Law Firm are as follows, and thus are included as disbursements in Law Firm's time records annexed hereto, for which reimbursement is sought herein:

    a.    parking, train and subway fare for Court appearances;

    b.    extraordinary expenses for copying and postage (i.e. the printing of plans, disclosure statements and other lengthy motions which must be served on the entire creditor body); and

    c.    overnight mail expenses (i.e. Federal Express, UPS).

## **NO PRIOR REQUEST**

24. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, The Kantrow Law Group, PLLC, as counsel to the committee, respectfully requests: (i) entry of an Order, awarding fees in the amount of $15,790.00 and expenses in the sum

of $461.43 which total $16,251.43 together with (ii) such other, further and different relief as this Court may deem just, proper and equitable.

Dated: Smithtown, New York
 November 17, 2025

                              The Kantrow Law Group, PLLC
                              Attorneys for Official Committee

BY:   <u>S/Fred S. Kantrow</u>
       Fred S. Kantrow
       732 Smithtown Bypass, Suite 101
       Smithtown, New York 11787
       516 703 3672
       fkantrow@thekantrowlawgroup.com