# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In Re:                                                                    Chapter 7

Barnet Louis Liberman,                                       Case No. 821-70611-spg

        Debtor.

-------------------------------------------------------X

**ORDER FIXING LAST DAY FOR FILING PROOFS OF CHAPTER 11
ADMINISTRATIVE CLAIMS OR INTERESTS**

      Upon the motion, dated November 17, 2025 (ECF No. 287) (the "Motion"), of Marc A. Pergament, Trustee of the Estate of Barnet Louis Liberman seeking the entry of an Order fixing the last day for filing proofs of Chapter 11 post-petition claims or, interests, and designating the form and manner of notice (collectively, the "Requested Relief") by granting related relief; and the Court having found that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iv) notice of the Motion was sufficient and no additional notice of a hearing on the Motion is required under the circumstances; (v) the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Certificate of No Objection, filed on December 30, 2025 (ECF No. __), certifying that no objections or responses were filed with respect to the Motion and relief requested therein; and the Court having reviewed the Motion and having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; now therefore;

      IT IS HEREBY ORDERED THAT:

      ORDERED, that the Motion is granted on the terms set forth herein; and it is further

      ORDERED, that except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim as referenced in Bankruptcy Code §§101(5), 504 and 507, against the

Debtor which arose during the Chapter 11 Administrative Period, shall file a notice of such a claim (a "Chapter 11 Administrative Claim") in writing so that is received on or before **February 27, 2026 at 5:00 p.m. (EST)** (the "Chapter 11 Administrative Claims Bar Date"); and it is further

ORDERED, that the following procedures for the filing of Chapter 11 Administrative Claims shall apply:

    a.    Proofs of a Chapter 11 Administrative Claim must conform to the form annexed to this Order as **Exhibit A** ("Chapter 11 Administrative Proof of Claim Form");

    b.    Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file Proofs of a Chapter 11 Administrative Claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system in the Debtor's case.  Those without accounts to the CM/ECF system must file their Chapter 11 Administrative Claims by mailing or delivering the original proof of claim by hand to the United States Bankruptcy Court, Eastern District of New York, Alfonse D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722;

    c.    Proof of a Chapter 11 Administrative Claim will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before the Chapter 11 Administrative Claims Bar Date;

    d.    Proofs of a Chapter 11 Administrative Claim must: (i) be signed, (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available, (iii) be in the English language, and (iv) be denominated in United States currency;

    e.    If the Chapter 11 Administrative Claim is being asserted by a professional whose retention was authorized, or sought to be approved by the Bankruptcy Court in the Debtor's case, the proof of the Chapter 11 Administrative Claim must be accompanied by an application for allowance of compensation and reimbursement of expenses in a form permissible by this Bankruptcy Court and the Fee Guidelines promulgated by the Office of the Untied States Trustee; and

    f.    Proofs of claim must specify by name and case number of the Debtor against which the claim is filed; and it is further

ORDERED, that the following persons or entities need not file a proof of Chapter 11 Administrative Claim on or prior to the Chapter 11 Administrative Claims Bar Date:

    a.    Any holder of a Chapter 11 Administrative Claim that has been allowed by an order of this Bankruptcy Court;

    b.    Any holder of a Chapter 11 Administrative Claim for which a separate deadline has been previously fixed by this Bankruptcy Court;

  c.  Any holder of a Chapter 11 Administrative Claim that has been paid or otherwise satisfied in full by the Debtor;

  d.  Any holder of a Chapter 11 Administrative Claim who has already properly filed a Chapter 11 Administrative Claim with the Clerk of the Bankruptcy Court against the Debtor; and

  e.  Any professionals retained in the Debtor's case in accordance with Bankruptcy Code §327 for professional fees and reimbursement of expenses; and it is further

ORDERED, that any person or entity that is asserting a Chapter 11 Administrative Claim against the Debtor arising from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the Chapter 11 Administrative Claims Bar Date, must file a Chapter 11 Administrative Claim based on such rejection on or before the Chapter 11 Administrative Claims Bar Date; and it is further

ORDERED, that any person or entity asserting a Chapter 11 Administrative Claim that is a professional who was retained by the Debtor, whose retention was authorized, or sought to be approved by the Court during the Chapter 11 Administrative Period (the "Chapter 11 Professionals"), <u>must</u> file an application for payment that complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of this Bankruptcy Court, and the Fee Guidelines promulgated by the Office of the United States Trustee by no later than the Chapter 11 Administrative Claims Bar Date; and it is further

ORDERED, that any person or entity that is asserting a Chapter 11 Administrative Claim and fails to comply with this Order by timely filing a proof of a Chapter 11 Administrative Claim in appropriate form, or by the Chapter 11 Administrative Claims Bar Date, shall be barred from participating in any distribution in the Debtor's case as a Chapter 11 Administrative Claim; and it is further

ORDERED, that nothing in this Order shall prejudice or limit the right of the Trustee or any other party in interest to dispute or assert offsets or defenses to any Chapter 11 Administrative Claim asserted; and it is further

ORDERED, that a copy of the notice substantially in the form annexed to this Order as **Exhibit A** ("Chapter 11 Administrative Bar Date Notice") is approved and shall be deemed adequate and sufficient if served by first-class mail, to the extent their addresses are known to the Trustee, at least forty-five (45) days prior to the Chapter 11 Administrative Claims Bar Date on:

a. the Office of the United States Trustee;

b. the Debtor's counsel and any other professional retained during the Debtor's Chapter 11 Administrative Period;

c. all persons or entities that have requested notice of the proceedings in the Debtor's case;

d. all persons or entities that have filed claims in the Debtor's case;

e. all creditors and other known holders of claims as of Petition Date, including all persons or entities listed in the Debtor's schedules as holding claims;

f. all parties to executory contracts and unexpired leases of the Debtor;

g. all parties to litigation with the Debtor, if any;

h. the Internal Revenue Service for the district tin which the Debtor's case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental agencies; and

i. such additional persons and entities as deemed appropriate by the Trustee.

ORDERED, that the Trustee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.